United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LEWIS HAYES,
Plaintiff,

v.

KRISTIN ALVARADO, et al.,
Defendants.

Case No. 26-cv-00337-EKL

**ORDER OF DISMISSAL**

Plaintiff Kevin Hayes, a state prisoner, filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983. The Court previously screened his amended complaint and granted Plaintiff leave to amend. ECF No. 8. The second amended complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A. ECF No. 9. Based on the following reasons, the Court DISMISSES this matter without leave to amend.

**DISCUSSION**

**Standard of Review**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Supreme Court has explained the "plausible on its face" standard of *Twombly* as follows: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

**Plaintiff's Allegations**

On August 27, 2025, Correctional Officer Soccedo told Plaintiff to remove a covering on the window to his cell. ECF No. 9 at 3. Plaintiff responded that the covering had been on the window all year and that correctional officers could still see into his cell. *Id.* at 3. Soccedo told Plaintiff that other inmates removed their window coverings when asked. *Id.* at 3-4. Plaintiff states that the window was covered to provide privacy from female correctional officers when he was using the bathroom. *Id.* at 4. Plaintiff had previously been disciplined for indecent exposure based on fabricated allegations from a non-defendant and wished to avoid a similar situation. *Id.*

Soccedo told Plaintiff that he could keep the window covered and walked away. *Id.* This was Soccedo's only involvement.[1]

One minute later Defendant Kristin Alvarado, another correctional officer, came to Plaintiff's cell and told him to remove the window covering. *Id.* at 4. Plaintiff responded that he just explained to her partner why it needed to stay and a correctional lieutenant previously said that he could keep the window covered. *Id.* at 4-5. Defendant responded that he needed to remove the covering, or he would be subject to a cell search the following day. *Id.* at 5. Defendant also stated that she would issue him a disciplinary violation for failing to remove the covering. *Id.* at 5. Plaintiff felt harassed and Defendant stated, "you started this shit when you wrote me up." *Id.* at 5-6. Plaintiff responded that he would write her up again. *Id.* at 6. The next day Plaintiff's received a disciplinary violation. *Id.* at 6-7. Plaintiff's exhibits reflect that covering cell windows violates prison regulations, as prison staff must have a line of sight into a cell. *Id.* at 59-60. The exhibits also reflect that on the day Plaintiff was ordered to remove the window covering, two associate wardens at his facility issued a memorandum stating that all window coverings were prohibited. *Id.* at 60.

Prior to this incident, Plaintiff submitted grievances against Defendant on March 10, 2025, and May 29, 2025. *Id.* at 8. He contends that Defendant's action on August 27, 2025, were in retaliation for these grievances. *Id.* He states that on August 28, 2025, the day after the incident in this case, he received a response to a prior grievance against Defendant, that was already opened. *Id.* at 9. Plaintiff is certain that Defendant was shown the response and that is what caused Defendant to retaliate against him. *Id.* at 9-10. He states that Defendant slid the response under his door on August 28, 2025. *Id.* at 10. Plaintiff also describes incidents when Defendant violated his due process rights by refusing to sign paperwork for him and it was in retaliation for his grievances. *Id.* at 10-11.

---

[1] Soccedo is listed on the caption of the second amended complaint as a defendant but is not identified as a defendant on the form. ECF No. 9 at 1-2. There are no allegations that she violated Plaintiff's rights. It does not appear that Soccedo is a defendant in this action and to the extent Plaintiff presents a claim against her, any such claim is denied for lack of an actionable harm.



United States District Court
Northern District of California

**Analysis**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the prisoner's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Filing grievances is considered a protected First Amendment activity. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

In the two prior screening orders, Plaintiff was told that he must describe how he knew Defendant disciplined him due to his prior grievances. He was also told to address how Defendant's actions did not reasonably advance a legitimate correctional goal of enforcing prison rules. The amended complaint and now the second amended complaint generally repeat the allegations from the original complaint and only partially address the issues noted by the Court.

Plaintiff contends that Defendant retaliated against him on August 27, 2025, due to prior grievances he filed against her on March 10, 2025, and May 29, 2025. Despite being provided multiple opportunities to amend, Plaintiff has not presented clear and sufficient allegations demonstrating that the disciplinary violation was in retaliation for grievances filed several months earlier. Plaintiff contends that on August 28, 2025, the day after the alleged retaliation, he received a response from a prior grievance that Defendant slid under his door, and she must have looked at it earlier which led her to retaliate against him the day before. Plaintiff against fails to demonstrate how he is aware that Defendant read the grievance and therefore retaliated against him. His speculative allegations do not present enough facts to present a claim that is plausible on its face. *See Twombly*, 550 U.S. at 570. He has failed to sufficiently allege that the disciplinary violation was because of his prior grievances.

Plaintiff also again fails to sufficiently address how Defendant enforcing regulations regarding covering windows did not advance a legitimate correctional goal of enforcing prison rules. He simply argues that other correctional officers did not enforce the rule. Yet, he does not contest that he was in violation of prison rules or that on the day of this incident with Defendant, a memorandum had been issued stating that all window coverings were prohibited. Plaintiff also describes how other inmates were ordered to take down the coverings and complied. Thus, Plaintiff was not singled out when ordered to remove the window coverings.

Regarding Plaintiff's claim that Defendant refused to sign various paperwork he was ordered to describe how this violated his constitutional rights, not just prison rules. He was also advised to describe whether this allegation was related to the retaliation claim or a separate due process claim. Plaintiff now states that Defendant refused to sign his paperwork as a form of retaliation, but he provides no other details on when this occurred or what protected conduct caused this retaliation. His bare allegations are insufficient to state a claim. Nor does this present a due process claim. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (violation of California prison regulations does not "establish a federal constitutional violation").

Plaintiff was provided multiple opportunities to amend but still repeats the same allegations from his prior complaints and fails to sufficiently address the issues noted by the Court. Therefore, this action is dismissed without leave to amend, because allowing additional amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court may deny leave to amend where there have been repeated failures to cure deficiencies by amendment).

**CONCLUSION**

This case is DISMISSED with prejudice for failure to state a claim and is closed.

**IT IS SO ORDERED.**

Dated: November 3, 2026



Eumi K. Lee
United States District Judge